UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JULIE ABBATE, et al., : | |
| Plaintiffs, : | |
| v. : | Civ. Action No. 03-00767 (EGS) |
| CHIEF CHARLES H. RAMSEY, et al., : | |
| Defendants. : | |

## CONSENT ORDER DISMISSING CASE WITH PREJUDICE AND RETAINING JURISDICTION FOR PURPOSE OF ENFORCING SETTLEMENT

Pursuant to Fed. R. Civ. P. 41(a)(2), plaintiffs Julie Abbate, Alexis Baden-Mayer, Christopher Downes, Adam Eidinger, Joseph L. Mayer, Mindi Morgan, and Tom Ulrich (collectively "Plaintiffs") and defendants District of Columbia and Charles H. Ramsey, and Peter J. Newsham (collectively the "Defendants"), have entered into a Settlement Agreement resolving this matter (a copy of which is attached as Attachment A). That Settlement Agreement provides for the performance of a number of tasks and contemplates the potential for continued interaction and continuing obligations between the parties. The Settlement Agreement also contemplates that this Court will retain jurisdiction over this matter solely for purposes of enforcing the Settlement Agreement as expressly provided for by its terms, and the parties have moved this Court to dismiss this matter with prejudice, except to the extent of retaining jurisdiction pursuant to the Settlement Agreement for purposes of enforcing the Settlement Agreement.

This Court having duly considered the joint motion of Plaintiffs and Defendants and the interests of justice, it is this ____ day of January 2005,

ORDERED that the joint motion of the Plaintiffs and Defendants is hereby GRANTED; and it is further

ORDERED that this matter is dismissed with prejudice, except that this Court retains jurisdiction over this matter to entertain any of the motions to this Court described in paragraph 9 of the Settlement Agreement and, further, to make such orders as are necessary to remedy systemic material breaches of this Settlement Agreement pursuant the following procedures:

> The Plaintiffs, personally, or through Plaintiffs' attorneys, shall have standing to enforce the terms of this Settlement Agreement according to the procedures set out below.
>
> Before the Plaintiffs move the Court to enforce the Settlement, they shall give the District of Columbia written notice of and ninety (90) days to cure defendant's alleged systemic deficiencies that the Plaintiffs contend constitute a systemic material breach of the Settlement, unless the alleged material breach is the proposed adoption of a change or changes to the language and/or measures provided for by the Settlement, in which case the notice and cure period shall be forty-five (45) days. During the cure period, District Defendants shall have the opportunity to cure the deficiencies that the Plaintiffs contend constitute a material breach of the Settlement. The opportunity to cure shall also include good faith negotiations in face to face meetings between the District of Columbia and the Plaintiffs seeking enforcement of this Settlement or their attorneys to resolve their differences without the need for Court intervention. The Plaintiffs may not seek enforcement of the Settlement without satisfying the foregoing notice and cure provision.
>
> A "systemic material breach" is either (a) the occurrence of conduct prohibited by the Objectives caused by implementation and/or enforcement of an MPD policy, or the decision of a District policymaker, which violates one or more Objectives in a manner causing injury in fact to one or more persons, or (b) adoption of any changes to the agreed-upon PAO's or Measures that are not reasonably likely to comply with the respective Objective(s). The terms "policy" and "policymaker" shall be defined as those terms are used for purposes of 42 U.S.C. Section 1983 as contemplated by *Monell v. Department of Social Servs.*, 436 U.S. 658 (1978); *Jett v. Dallas Indep. School Dist.*, 491 U.S. 701 (1989); and *St. Louis v. Praprotnik*, 485 U.S. 112 (1988).
>
> The terms of this Settlement shall remain in effect for exactly three years following the date of the Plaintiffs' acceptance of this Offer, immediately after which time this agreement shall become null and void and the jurisdiction of the Court to enforce this Settlement will lapse except to the extent that a matter timely and properly presented to

the Court pursuant to the Enforcement and Sunset Provision is still pending before the Court; and it is further

ORDERED that any motion brought pursuant to this Settlement Agreement shall be referred to Magistrate Judge Alan Kay for final resolution pursuant to Fed. R. Civ. P. 73.

1/24/05

EMMETT G. SULLIVAN
United States District Judge

Serve:

Thomas L. Koger
Lori S. Parris
Office of the Attorney General
   for the District of Columbia
441-4th St., N.W., Sixth Floor South
Washington, D.C. 20001

Jarrett A. Williams, Esquire
COVINGTON & BURLING
1201 Pennsylvania Avenue, NW
Washington, D.C. 20004-2401

Arthur B. Spitzer
AMERICAN CIVIL LIBERTIES
UNION OF THE CAPITAL AREA
1400 20th Street, N.W. #119
Washington, D.C. 20036

Daniel M. Schember, Esquire
Susan B. Dunham, Esquire
Gaffney & Schember, P.C.
1666 Connecticut Avenue, N.W., Ste. 225
Washington, D.C. 20009

Robert E. Deso, Esquire
DESO, BUCKLEY & STIEN, P.C.
1828 L Street, N.W., Suite 600
Washington, DC 20036